# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| International Controls and Measurements Corp., and ICM Controls Corp., | Case No. 0:18-mc-00059-DSD-KMM |
| Plaintiffs, | |
| v. | |
| Honeywell International, Inc., | **ORDER** |
| Defendant, | |
| and | |
| Allen Hinderaker, and Tong Wu, | |
| Movants. | |

Defendant Honeywell International, Inc. ("Honeywell") served subpoenas for depositions on Allen Hinderaker and Tong Wu (collectively, "movants"), trial counsel for Plaintiffs International Controls and Measurements Corp. and ICM Controls Corp. (collectively, "ICM"). Mr. Hinderaker and Mr. Wu have moved pursuant to Rule 45(d) of the Federal Rules of Civil Procedure to quash Honeywell's subpoenas. (ECF No. 1.) Because the information sought by Honeywell is unnecessarily duplicative and cumulative, and because trial counsel is ordinarily protected from being deposed by the opposition, the Court GRANTS Mr. Hinderaker and Mr. Wu's motion and quashes Honeywell's subpoenas.

## I.   Facts and Procedural Background

This dispute arises out of a patent infringement action filed by ICM against Honeywell in the Northern District of New York. ICM alleges infringement of two of its patents, including one relevant to this motion, the '645 patent. (Decl. of Emily M. Wessels, Ex. A ¶¶ 15–24.) The litigation has been protracted, with multiple proceedings before the United States Patent and Trademark Office ("USPTO") and

1

the New York court. One of those proceedings is particularly relevant to the current motion.

In late 2017, Honeywell requested, and the USPTO ordered, *ex parte* reexamination of the '645 patent. (Wessels Decl., Exs. E, F.) Four individuals representing ICM attended an interview that was part of the *ex parte* reexamination: ICM's counsel and the movants here, Mr. Hinderaker and Mr. Wu; ICM's president and one of the inventors of the '645 patent, Andrew Kada; and ICM's technical expert from the New York litigation, Dr. William Eisenstadt. (Wessels Decl., Ex. H.) After the interview, the USPTO added several documents to the '645 patent's public reexamination record. These included the informal statement of issues that ICM had filed in advance of the interview, a copy of all demonstrative exhibits ICM had shown the examiners during the interview, including a lengthy PowerPoint presentation, and an Examiner Interview Summary Record.[1] (Wessels Decl., Exs. F, J.) ICM's own summary of the interview was publicly filed shortly thereafter. (*Id.* Ex. H.)

The USPTO ultimately issued a Notice of Intent to Issue a Reexamination Certificate, which confirmed the patentability of the challenged claims of the '645 patent. Contained within the Notice is a discussion of the reasons for the USPTO's decision and the arguments made by ICM upon which the USPTO relied. (*Id.* Ex. K.) The Reexamination Certificate was issued on June 1, 2018. (*Id.* Ex. L.)

Soon after, Honeywell served subpoenas on Mr. Hinderaker and Mr. Wu. Honeywell also served a subpoena on the expert present at the USPTO interview, Dr. Eisenstadt, though that subpoena is not at issue here. Mr. Hinderaker and Mr. Wu have an extensive history of representing ICM in a variety of matters, including patent litigation. (Decl. of Allen Hinderaker ¶¶ 3–6; Decl. of Tong Wu ¶¶ 3–6.) Most notably, they both serve as trial counsel for the New York litigation now underway.

In response to Honeywell's subpoenas, Mr. Hinderaker and Mr. Wu filed the instant motion to quash. ICM joins in that motion. For the following reasons, the Court grants the motion and quashes Honeywell's subpoenas.

## II. Analysis

Honeywell raises three arguments against ICM and the movants' motion to quash. First, Honeywell argues that ICM did not have standing to bring the motion

---

[1] This record identifies and describes the claims and references discussed, the demonstrative exhibits that ICM provided, and the substance of the topics covered. (Wessels Decl., Ex. J.)

2

to quash, and that this motion should have been brought as a motion for a protective order in New York. Second, Honeywell argues in the alternative that even if this motion is properly brought as a motion to quash, there are exceptional circumstances that warrant its transfer to New York. Finally, Honeywell argues that a deposition of the movants is necessary to determine the consistency of ICM's positions throughout the '645 patent's prosecution history. For the following reasons, the Court rejects Honeywell's arguments.

### A. Motion to Quash is the Proper Procedural Device

Honeywell first argues that this motion should have been brought as a motion for protective order, rather than a motion to quash, because ICM joined in the motion. The Court disagrees. ICM has standing to join Mr. Hinderaker and Mr. Wu because it seeks to protect its claim to attorney-client privilege of some of the information that Mr. Hinderaker and Mr. Wu hold. While "[o]rdinarily a party has no standing to seek to quash a subpoena issued to some who is not a party to the action," a party does have standing if it "claims some personal right or privilege with regard to the documents sought." 9A Charles A. Wright et al., *Federal Practice and Procedure* § 2459 (3d ed. 2018). Honeywell's reliance on *Shukh v. Seagate Tech, LLC*, 295 F.R.D. 228 (D. Minn. 2013), is unavailing. The Court in *Shukh* did not address the "private right or privilege" exception to standing to bring a motion to quash. *See id.* at 235–36. Indeed, the issue seems to be one of first impression in this district, though numerous other courts, including those in this circuit, have adopted this principle. *See, e.g.*, *Cruthis v. Vision's*, No. 12-cv-244-KGB, 2013 WL 6332679 at *2 (E.D. Ark. Dec. 5, 2013); *see also* Wright, *supra*, at n.7 (collecting cases). The Court agrees with these decisions and concludes that a party to litigation may raise or join in a motion to quash in order to raise a claim of privilege. And even aside from ICM's standing to join in this motion to quash, Mr. Hinderaker and Mr. Wu, as non-parties to this action and the subjects of the subpoenas, certainly have standing to bring the motion. Honeywell offers no support for its argument to the contrary.

### B. The Motion Belongs in Minnesota

Not only is the motion to quash an appropriate vehicle, but it was properly brought in Minnesota and no circumstances warrant transfer. Rule 45(f) of the Federal Rules permit the court in the district where compliance is required to transfer a motion to quash where "exceptional circumstances" exist. None are present here.

Transfer is not favored, and "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas." Advisory Committee Notes to the 2013 Amendment, Federal Rule of Civil Procedure Rule 45(f). Nor should a court

considering transfer assume that "the issuing court is in a superior position to resolve subpoena-related motions." *Id.* Exceptional circumstances contemplated by the rule include "when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* It is the burden of the proponent of transfer to demonstrate that these exceptional circumstances exist. *Id.* Honeywell has failed to carry its burden here.

The Court disagrees with Honeywell that Mr. Hinderaker and Mr. Wu will not be burdened by being forced to litigate about the subpoenas in New York instead of Minnesota. Simply because they are trial counsel in a lawsuit in New York does not alleviate the burden of defending against a subpoena there, which would require extra travel, expense, preparation, and time. This Court also finds that it can rule on this motion without disrupting the New York court's management of the underlying litigation. This discovery dispute involves a discrete issue regarding the deposition of trial counsel. Honeywell has made no showing that the New York court has already ruled on a similar issue, or that it is likely to arise in other districts in this litigation. The fact that ICM has a motion for protective order pending in New York does not bear on this Court's determination because that motion seeks to protect Dr. Eisenstadt, a non-attorney expert witness from deposition. The determination of whether trial counsel can be deposed requires a different analysis. Because Mr. Hinderaker and Mr. Wu would be burdened by being forced to comply with a deposition in New York, and because no exceptional circumstances exist that warrant transfer, the Court declines Honeywell's invitation to do so.

### C. The Subpoenas Should Be Quashed

Finally, the Court concludes that Mr. Hinderaker and Mr. Wu are protected from being deposed in this circumstance because the information sought is duplicative and unnecessary. Deposing opposing counsel is unusual and is generally discouraged. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (citing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947)). Such discovery is considered extremely burdensome and likely to increase costs and cause delay. *Id.* However, the Eighth Circuit has identified limited circumstances in which opposing counsel may be deposed. The proponent of the deposition must demonstrate three things: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* (citation omitted). Honeywell's request for a deposition fails at all three steps of the analysis.

Honeywell may not depose ICM's trial counsel because it can get the same information from other public sources. "The prosecution history…consists of the

4

complete record before the PTO." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005). Honeywell argues that it must depose ICM's counsel in order to confirm that throughout the prosecution history of the '645 patent, ICM consistently presented its construction for a specific claim term and that ICM always relied on that construction. (*See* Response, ECF No. 12 at 19.) However, Honeywell can receive that confirmation by viewing the prosecution history itself. Honeywell's interest in deposing ICM's trial counsel is based purely on speculation, and the depositions would likely result in unnecessarily duplicative testimony. Because publicly accessible sources of the information sought by Honeywell are available, deposing ICM's trial counsel would be inappropriate under *Shelton*. 805 F.2d at 1327.

The request for a deposition of counsel in this case also fails step two of the *Shelton* analysis. Any information not available in the public record is irrelevant. Statements that are not of record are not relevant to the issues of claim construction and prosecution history disclaimer. *See, e.g.*, *Vitronics Corp. v Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) (noting that generally, "reliance on any extrinsic evidence is improper.") And counsel's own viewpoints on claim construction or other related prosecution history is plainly irrelevant to the issues at hand. *See Resqnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ.3578 (RWS), 2004 WL 1627170 at *5 (S.D.N.Y. 2004) (citing *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1585 (Fed. Cir. 1996)). Thus, Honeywell's request fails at step two of *Shelton*. And because irrelevant information logically cannot be crucial to a case, step three is unmet as well.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Mr. Hinderaker's and Mr. Wu's motion to quash subpoenas (ECF No. 1) is **GRANTED**. The subpoenas served on Allen Hinderaker and Tong Wu by Honeywell International, Inc. are hereby quashed.

Date: November 15, 2018     *s/ Katherine Menendez*
　　　　　　　　　　　　　　　Katherine Menendez
　　　　　　　　　　　　　　　United States Magistrate Judge